IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-01962-LTB

STEPHANIE D. MORALES,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security, phase

    Defendant.
_____

## ORDER
_____

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's application for disability insurance benefits under the Social Security Act. Plaintiff, Stephanie D. Morales, appeals the final decision of Michael J. Astrue, Commissioner of Social Security, denying her application for Social Security Disability benefits. Oral argument would not materially assist the determination of this appeal. After consideration of the parties' briefs and the administrative record, and for the reasons set forth below, I reverse and remand.

    I.    <u>BACKGROUND</u>

Following a January 11, 2005, hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision on June 9, 2005. The Appeals Council granted Plaintiff's request for review of the ALJ's decision. On March 28, 2006, the Appeals Council issued a decision remanding the claim for a second hearing. The second hearing occurred on October 25, 2007, also resulting in an unfavorable decision dated

December 28, 2007.

Specifically, the ALJ found at step one that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2006.  (R. 19, Finding 1.) He also found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date.  (Id., Finding 2.)

At step two, the ALJ found that Plaintiff had severe impairments of right-sided thoracic outlet syndrome and obesity, but found at step three that her condition did not meet or equal the requirements of any presumptively disabling listed impairment.  (R. 19-24, Findings 3 and 4.)

At step four, the ALJ found that Plaintiff

> has the residual function capacity to occasionally lift and/or carry up to 10 pounds with her right arm and up to 20 pounds with her left arm; frequently lift and /or carry less than 10 pounds with her right arm and 10 pounds with her left arm; can sit for 6 hours (with normal breaks) in an 8-hour workday, and stand and/or walk for 2 hours in an 8-hour workday, with alternating positions every 45 minutes; able to push/pull with the same exertional limitations as lift/carry; can occasionally climb stairs or ramps; should never climb ladder/ropes/scaffold; can occasionally balance, stoop, kneel, crouch, crawl; able to reach in all directions with her left arm and occasionally reach overhead with her right arm; able to frequently handle and finger; cannot tolerate any exposure to hazards (unprotected heights, moving machinery); and avoid concentrated exposure to extreme cold, wetness, and humidity.

(R. 25, Findings 5.) The ALJ also found that the Plaintiff is unable to perform any past relevant work.  (R. 28, Findings 6.)  The ALJ found that Plaintiff's vocational factors did not preclude her from performing other work existing in significant numbers in the national economy.  Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act from November 16, 2001 through the date of this decision.  (R. 29, Findings 11.)

2

The Appeals Council denied the Plaintiff's request for review, thus making it the Commissioner's final decision. Plaintiff has exhausted her administrative remedies and this case is ripe for judicial review. Jurisdiction is proper under 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

My review in a Social Security appeal is limited to whether the final decision is supported by substantial evidence and the correct legal standards. *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Although I do not reweigh the evidence or try the issues de novo, I must examine the record as a whole—including anything that may undercut or detract from the ALJ's findings—in order to determine if the substantiality test has been met. *Id.* at 1262. Evidence is substantial if it amounts to "more than a scintilla, but less than a preponderance; it is such evidence that a reasonable mind might accept to support the conclusion." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987). Evidence is not substantial if it is overwhelmed by other evidence in the record, or constitutes a mere conclusion. *See Grogan*, 399 F.3d at 1261–62. If the ALJ's decision is not supported by substantial evidence, or if the ALJ failed to provide a sufficiently clear basis from which I may determine the appropriate legal standards were applied, I may reverse or remand. *See Washington v. Shalala*, 37 F.3d 1437, 1440 (10th Cir. 1994).

## III. ISSUES RAISED

Plaintiff raises four issues on appeal: 1) the ALJ failed to consider all of the Claimant's medical impairments; 2) the ALJ failed to consider the entire case record; 3) the ALJ made findings of facts which are not supported by any substantial evidence; 4) the ALJ failed to give controlling weight to the treating physician's opinion.

Plaintiff first contends that the ALJ failed to consider all of her medical impairments. Plaintiff argues that the ALJ failed to consider whether she has reflex sympathetic dystrophy syndrom/complex regional pain syndrom (RSDS/CRPS). She also argues that he failed to apply the criteria of SSR 03-02p to the Plaintiff's situation. The Commissioner argues that even if the ALJ erred in excluding additional severe impairments, the error would be harmless at most.

I agree with Plaintiff that the ALJ failed to consider all of the Claimant's medical impairments. The ALJ did not discuss the reasoning for his determination that the claimant has the following severe impairments: right-sided thoracic outlet syndrom and obesity, but not the remaining allegations of disability, including RSDS/CRPS and low back impairment. It appears that the ALJ did not consider the combined effect of Plaintiff's impairments. In fact, it does not appear as if the ALJ considered Plaintiff's RSDS/CRPS in step two at all. It was not a harmless error for the ALJ to fail to do so as RSDS/CRPS is the crux of Plaintiff's claim. On remand the Commissioner should keep in mind that a "a claimant need only make a '*de minimus'* showing of impairment to move on to further steps in the analysis." *Langley v. Barnhart*, 373 F.3d 1116,1123.

I next address the ALJ's rejection of the opinions of Plaintiff's treating physician Dr. Ripp. The ALJ stated that he rejected those opinions due to Dr. Ripp's failure to cite to any objective medical findings in his "Physical Capacities Chart". The ALJ found that "[Dr. Ripp] virtually made her an invalid which is contradicted by her own testimony." Additionally, the ALJ found that Dr. Ripp's medical records do not support the limitations and that he would not give any weight to Dr. Ripp's opinion. Accordingly, Plaintiff concludes that the ALJ erred in not giving Dr. Ripp's opinions controlling weight.

4

I find that the ALJ did not properly weigh Dr. Ripp's opinions and that the reasons given for rejecting those opinions are not supported by substantial evidence. Dr Ripp's findings regarding Plaintiff's CRPS/RSDS and the fact that Dr. Ripp found this to be an impairment are specific medical findings that could not be ignored by the ALJ. See *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)(a medical doctors's statements about Plaintiff's condition or impairments "are specific medical findings" and ALJ errs in rejecting those findings in the absence of conflicting evidence). I agree with Plaintiff that the ALJ erred in stating that he rejected Dr. Ripp's opinion because he did not cite to any objective medical findings in the Physical Capacities Chart. The ALJ is to consider the record as a whole. Dr. Ripp's office records contain adequate relevant examination findings. Further, Dr. Ripp's opinion is supported by other physicians who treated Plaintiff– Dr. Sisson, Dr. Volk, Dr. Howton.

Additionally, the Tenth Circuit holds that an ALJ errs when he requires such objective evidence for impairments where there is no such test. *See Moore v. Barnhart*, 114 Fed. Appx. 983, 2004 WL 2634571, at *8-9 (10th Cir. 1993). The Tenth Circuit also states that it is aware of no medical procedures to objectively evaluate either the severity of pain. *See Pennington v. Chater*, No. 96-5177, 1997 U.S. App. LEXIS 13171, 2007 WL 296684, at *3 (10th Cir. 1997); *Celebrezze v. Warren*, 339 F.2d 833, 836-37 (10th Cir. 1964). *Pennington* made clear that "where no such conclusive tests exist, the failure to produce such test results is . . . an improper basis for discrediting a claimant's uncontroverted testimony." *Id.*, 1997 U.S. App. LEXIS 13171, 2007 WL 296685, at *3. Thus, it was error for the ALJ to have denied disability based on the lack of such evidence. The ALJ misses the very point of a diagnosis of CRPS/RSDS -- Plaintiff's

5

complaints of pain typically out of proportion to the severity of any documented cause are the very symptoms of CRPS/RSDS – and uses those complaints to discredit Plaintiff and her treating physicians.  See SSR 03-02p.  The ALJ is directed to reconsider the entirety of Dr. Ripp's opinion and to properly weigh that opinion.  The ALJ is also directed to reconsider all issues pertaining to Plaintiff's credibility as Plaintiff's report of pain out of proportion to the severity of any documented cause was one his main reasons for determining she lacked credibility.

Plaintiff also argues that she has limitations in the use of her left arm which the ALJ did not consider in the development of the Plaintiff's residual functional capacity (RFC).  Further, she argues that the RFC adopted by the ALJ is not supported by any substantial evidence and that no treating physician has released the Plaintiff to work within the RFC adopted by the ALJ.  Dr. Ripp placed limitations on the Plaintiff and those limitations were not addressed by the ALJ as he determined Dr. Ripp's opinion was not entitled to any weight.  Dr. Sisson also placed limitations on the Plaintiff that she could only work 1 to 2 hours per day and use a headset for telephone work.  Dr. Sisson's limitations were not addressed by the ALJ.

The Commissioner argues that although the ALJ did not specifically articulate the weight he gave to Dr. Sisson's opinion it is clear from the ALJ's decision that he rejected it in light of the entire record, for the same reasons he rejected Dr. Ripp's opinion – because it was based upon Plaintiff's subjective complaints, not supported by objective findings.   As stated above, the Tenth Circuit holds that ALJ errs when he requires such objective evidence for impairments where there is no such test.  *See Moore v. Barnhart, supra.*  I agree with Plaintiff that the ALJ only used portions of Dr. Sisson's

6

records to justify his conclusion that Plaintiff does not have RSDS/CRPS . In his report, Dr. Sisson writes in his assessment the Plaintiff had probable RSDS/CRPSP of the right upper extremity. In his next assessment dated September 7, 2005, he noted the RSDS/CRPS was focalized in the scapular area as compare to the distal hand (see Transcript page 528). The ALJ took the first sentence "she really does not have true RSDS/CRPS symptomology in the distal hand" and did not accept or address the second part which state "it really seems to be focalized in the scapular area." As such, the ALJ's conclusion is not supported by substantial evidence. It appears that he ignored most of the treating physicians' findings altogether. A medical doctor's statements about Plaintiff's condition or impairments "are specific medical findings". *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The ALJ errs in rejecting those opinions in the absence of conflicting evidence. *Id.*

Plaintiff asserts that she has a severe medical impairment in her low back which the ALJ failed to consider in the development of his RFC. But, it appears from my review of the ALJ's decision that he considered her low back pain. He noted "[t]he objective medical testing of her lumbar spine show only mild degenerative disc disease and nothing that would support her allegations of pain." (R. 27, Findings 7).

Plaintiff also argues that the ALJ's decision that Plaintiff could return to other work is not supported by substantial evidence or applicable law. Plaintiff notes that Social Security defines sedentary work as lifting no more than 10 pounds at a time and states most unskilled sedentary jobs require good use of the hands and fingers for repetitive action. Citing SSR 83-10. Plaintiff contends that there is no medical information from any treating physician or examining physician which says the Plaintiff

7

has the ability to engage in the full range of sedentary work. Plaintiff notes that the ALJ concluded that she was not engaged in any sustained gainful activity, had a severe medical impairment, and could not return to her past work. Plaintiff contends that the only issue remaining was whether there was other work in significant numbers to which the Plaintiff could return. Plaintiff argues that in a case, such as her own, where there is such significant manipulative limitations on the use of her arms and hands, the ALJ should have directed a finding of disability.

The Commissioner asserts that the ALJ's finding that Plaintiff was "unable to perform any past relevant work" appears to be a typographical error in light of the ALJ's step five findings. I will make no such conclusion. If such an error occurred the ALJ should have filed a revised decision. I will only review the record before me. The Commissioner argues that the ALJ was not required to rely on vocational expert's testimony in response to questions containing limitations that were not accepted by the ALJ or incorporated into his assessment of Plaintiff's residual functional capacity. *Citing Bean v. Chater*, 77 F.3d 1210, 1214. The Commissioner notes that neither the controlling question to the vocational expert nor Plaintiff's residual functional capacity, as assessed by the ALJ, included significant manipulative limitations – rather, both included "the ability to frequently handle and finger." (R.24-25).

In light of the record developed so far, it cannot support a finding that Plaintiff limitations are simply limited to the ability to frequently handle and finger, although it remains on remand to determine the extent of the impairment to the use of Plaintiff's hands and arms. "The hypothetical question should include all – and–only those impairments borne out of the evidentiary record." *Bean*, 77 F.3d at 1214. Here, the

8

record clearly indicates that there is substantial evidence that Plaintiff has limitations in use of both arms and hands. For the foregoing reasons, I find that the ALJ's RFC determination is not supported by substantial evidence.

Plaintiff requests that I reverse the decision of the ALJ and remand this case for payment of benefits. Further, Plaintiff requests that I enter a finding that she is disabled as it results in further delay in the receipt of benefits to remand this for a further hearing. I decline to make such a finding. *See Dollar v. Bowen*, 821 F.2d 530, 534 (10th Cir. 1987)(outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose). I **REVERSE** and **REMAND** this case to the Commissioner for further proceedings consistent with this opinion.

Dated: September   21  , 2010.

BY THE COURT:

  s/Lewis T. Babcock  
Lewis T. Babcock, Judge